SHORE'S ADMINISTRATRIX, Appellant, v. COONS, Respondent.

1. Although an administrator, wishing to make a final settlement, should suffer himself to be charged with the receipt of a debt due the estate, which had never been paid, and a judgment should be rendered against him for a balance found due upon such settlement, he may afterwards in his character of administrator sue for and recover the said debt.

2. Although an administrator should be released by a probate court from liability for an inventoried debt on the ground that it had been improperly inventoried, this can not be set up as a bar to an action brought by the administrator for the debt.

*Appeal from St. Louis Court of Common Pleas.*

*Whittlesey*, for appellant, cited Henderson's Adm'r v. Henderson, 21 Mo. 379.

*Glover & Richardson*, *Krum & Harding*, for respondent.

I. The appellant did not file the proper notice to save the case for the opinion of the court. No motion or exception was made until fifteen days after the report had been filed.

II. The court properly gave judgment on the report for the defendant. 1st, as to the item of $200—the appellant procured the probate court to give her credit for that amount on the ground that it had been improperly inventoried as part of the effects of the estate. This was an admission on the record that the account was not due, and is inconsistent with her suit. 2d, as to the item of $100—the record omits the transcript of the appellant's settlement in the probate court, but the referee found that the appellant in her settlement treated the account as having been paid, having returned the account as collected, and that being paid, it formed a part of the balance of $299 48, with which she was charged in her final settlement.

SCOTT, Judge, delivered the opinion of the court.

The referee reported that the defendant owed the plaintiff the debt of one hundred dollars, but as he was of the opinion that it was due to her individually, and not as administratrix, she

was not entitled to a judgment; and this report was confirmed and a judgment was entered against the plaintiff. We are of opinion that the facts stated in the report do not warrant the conclusion of law drawn by the referee and sanctioned by the court.

We do not see how the defendant, taking advantage of the confidence reposed in him, could change his liability to the plaintiff as administratrix, and convert it to a liability to her individually. The referee does not find that the defendant ever actually paid the debt of one hundred dollars; it is a forced inference drawn from the fact that he was the agent of the plaintiff. The defendant was the agent of the plaintiff as administratrix of T. Shore's estate, and transacted all her business as such. In that capacity he made a final settlement for her, and suffered a judgment for $299 48 to be entered against her, as the balance due the estate. Because it does not appear from the last or any other settlement whether the debt of one hundred dollars was collected or not, the referee comes to the conclusion that the defendant, as agent, treated it as paid, and regarded it as forming a part of the balance which was ascertained to be due to the estate from the plaintiff, and that it was thus extinguished—that is, an agent for an administrator, owing to the estate a debt, in making a settlement with the estate, shall suffer a judgment to go against the administrator for his debt, without paying one cent of it, and afterwards, when he is sued for that debt, he shall be permitted to set up the defence that the debt due the estate is extinguished and converted into a personal liability to the administrator. To make the matter plainer, a debt is due an estate; the administrator wishes to make a final settlement; for that purpose, although he has not received the debt due, yet he suffers himself to be charged with it in the settlement, and there is a balance found against him; afterwards, when the debtor is sued for his debt, he claims the right to insist that the original liability was extinguished and converted into a demand personally due the administrator. The present is a much stronger case, for here the

defendant is agent for the administratrix, and also is the debtor, and made the settlement without any evidence of the consent of his principal and against his duty. Although the judgment in the probate court may be binding on the plaintiff, and she may acknowledge the balance against her, yet there is no principle which now prevents her from suing for the debt in the same capacity in which she might have sued when she first became entitled to it.

In thus meeting this question on its merits, we do not desire to be understood as intimating that, if the debt was a personal one, judgment could not be entered for it under the petition filed in this action. We give no opinion on that point. As this judgment will be reversed, it becomes necessary to advert to the evidence in relation to the debt or item of two hundred dollars. The defendant not being a party to the proceeding in the probate court, if it is to be regarded as a judgment, could derive no advantage from it as evidence. We have no hesitation in saying that if Mrs. Shore had gone in court and procured an order releasing her from liability for the inventoried debt of the defendant, she might afterwards, in spite of such order, sustain a suit for such debt. An administrator has no right to give a voluntary release for a debt due his intestate. He has no right to destroy the effect of obligations by his declarations and conduct. He can not be a witness as to facts occurring subsequently to his becoming such. We do not say that such a course would not throw obstacles in the way of a recovery and render explanations necessary, but that it would be conclusive. If the defendant wanted a valid acquittal, why did he not advise a suit to be instituted against him and have the matter conclusively settled by the courts? But the defendant was the agent of the plaintiff, and conducted all things relative to the administration of the estate, and the inference is that the order in question was entered at his instance. If the proceeding was had without the knowledge or consent of the plaintiff, she can show that it was unwarranted and a fraud upon her. The bringing of a suit would be a disaffirmance of

the act of the agent. If there was any paper or document connected with the proceeding in the probate court which was executed by the plaintiff, and which could be used as evidence against her, the originals should have been produced, and not certified copies. It is like the case of an affidavit or answer of a party to a cause offered in evidence by a third person. If either of these is intended to be used against the party making it, as containing an admission, the original must be produced, and the handwriting proved before it can be read.

Judge Ryland concurring, the judgment will be reversed and the cause remanded ; Judge Leonard absent.